Scott, J.
The act of February 28, 1846, “ in relation to the interest of husbands in the estate of their wives ” (Swan’s Stat. 712, 713), provides as follows:
“ Sec. 3. No interest of. a husband in any chose in action, demand, legacy, or bequest of his wife, shall be liable to be taken, by any process of law or chancery, for the payment of his debt, unless such husband shall have reduced the same to possession; so as, by the rules of law, to have become the owner thereof in his marital rights,” etc.
“ Sec. 4. All articles of furniture and household goods, which a wife shall have brought with her at marriage, or shall have come to her by bequest, gift, or which shall have been, after marriage, purchased with her separate money or other property, shall be exempt from liability for the debts of her husband, during the life of the wife, and during the life of any heir of her body.”
*We think there is no room for doubt, in this case, that the *449 trunk, with tho wearing apparel and other articles, which it contained, were the separate property of Mrs. Smith, and that, under a fair and reasonable construction of the section last cited, according to the manifest spirit and policy of the act, all these articles were exempt from liability for her husband’s debts.
But the defendant in error, against her will, has been deprived of these articles of property, by the wrongful act of a third party, against whom a judgment has been recovered, in the name of her husband, for their value. And it is now claimed that the fund into which her property has thus been converted, has, by means of the premises, been reduced to the possession of the husband, so as to become liable for his debts. Is thi3 so?
That a husband may reduce to possession a choso in action of the wife by recovering a judgment thereon, in his own name, during coverture, is unquestionably true. Dixon’s Adm’r v. Dixon, 18 Ohio, 113. But will the law conclusively give this effect to the recovery of such a judgment, without regard to the intention of the parties ? •
To effect a reduction to possession of a chose in action, there must bo some act done by the husband, evincing an intention to appropriate it to his own use. A recovery of judgment thereon, in his own name, is certainly prima facie evidence of such intention. Such recovery of judgment, if obtained in the assertion of his marital rights, would be a conclusive act of appropriation. But the presumption of an intention to appropriate the chose in action to his own use, which arises from the mere use of his name in a suit prosecuted and judgment rendered thereon, may, we think, be rebutted by circumstances. Even the reception of payment by the husband, would not constitute a reducing to possession, if, in the transaction, lie acted merely as the agent of his wife, and not in the exercise of his marital rights. And we think the circumstances shown by the evidence in this case, clearly disprove *any intention, on the part of T. K. Smith, to appropriate his wife’s property to his own use. He may perhaps have acquiesced in the use of his name by his wife, in a suit brought at her instance, to recover tho value of her own property lost by the wrongful act of a third party. But in this, it is fairly to be inferred that he acted merely as a trustee, holding the legal title for the benefit of his wife. Being unable to repair her loss from his own means, he had no equitable or moral right to do or intend otherwise, to her preju *450 -dice; and there is no evidence of any such inequitable purpose on his part.
It is very clear that the defendant in error has never intended to part with her interest in the property; and the husband having anade no intentional appropriation of it to his own use, wo think the debt sought to be attached by the plaintiff in error is, in equity, atill the property of the wife, and as such, is protected by the statute as against the creditors of her husband.

Judgment of Superior Court affirmed.

Brinkerhoff, O. J., and Sutlief, Peck, and Gtiolson, JJ., concurred.